The opinion of the Court was delivered by
Duncan J.
Error to the District Court. The plaintiff in error brought replevin for a mare. The sheriff returns replevied and delivered to the plaintiff. The defendant pleads r . , , , , property in himself, on which issue was joined. Verdict for the defendant for one hundred dollars, value of the mare, and four dollars interest, making together, one hundred and four dollars, with six cents costs. The defendant proved property to be in him, the sale made by Barker Badger, w^let'ler public or private, to the plaintiff. Whether the act of Badger was felonious or fraudulent only, could not divest defendant of his right. Nor is there any thing in his conduct which could impair it, or give to the plaintiff the . r ■ , , , . colour OI right cither in law or equity.
In this state, there are no markets overt for the sale of 7 goods. It was decided by Shippen President, in Thomas v. Hess, in replevin for a feather-bed, which had been sent from Chester to a friend in the city, who had betrayed his trust in ... . .. , , selling it at a public vendue, and an innocent purchaser had flirty bought and paid for it, that the original owner should recover. Cited Hosack v. Weaver, 1 Yeates, 478 ; in which case the extension of the doctrine of markets overt to Penn-was fully considered and there determined, that it did not extend. The uniform determinations of courts of justice have rejected the usage and prescription on which these markets in England are founded, as contrary to honesty and the soundest policy; and in Hardy v. Metzgar, 2 Yeates, 347, *131 at Nisi Prius, at Harrisburgh, before Yeates and Smith Justices, where it was again attempted to raise the question, the Court would not suffer it to be debated, after the solemn decision by all the Judges of this Court in Ho sack v. Weaver, that in Pennsylvania there were no markets overt. But there is an exception to the charge of the Court, the verdict and the judgment, as they respect the value of the mare. The Court charged the jury, that “ if they found for the defendant, they should give the value of the mare in damages,” which they have accordingly done, and judgment is entered on this judgment generally. In this objection there is solidity.
The remedy by replevin, is more extensive than in England. It is not here confined to cases of distress, or where the taking is tortious and a trespass ; but embraces every Case where one man claims goods in the possession of another. The proceedings differ. Here no writ de proprietate probanda can issue. The defendant by claiming property and giving security prevents the delivery of the goods to the plaintiff; and the question of property is tried on the writ in the Common Pleas, and not before the sheriff in the first instance. Weaver v. Lawrence, 1 Dall. 156. But there is no difference in the judgment. Where the goods have not been delivered to the plaintiff, there he recovers as well their value in damages, as damages for their detention, and this is a shorter way than to sue a withernam and capias for their return. Gilb. Rep. 125. Potter v. North, 1 Saund. 347, in . notes.
In a replevin, if the plaintiff do declare* that the defendant, yet hath and detaineth the cattle, and the defendant doth appear and maketh default, the plaintiff shall have judgment to recover all in damages, as well the value of the cattle, as damages for the taking them. Fitz. N. B. 159. b. And in the notes by Ch. J. Hale, if the defendant claim the property or say he did not take, and if in the mean time the beasts die, or are sold so that he cannot have a return, he may recover all in damages if it be found for him. Cites 7 Hen, IV. 18. But this sale would appear to be such as would divest the property out of the original owner, as sale in markets overt in England.
As replevin was rarely brought in England, except in cases *132 of distress, and the property always delivered to the plain» tiff, under the statute, the value of the distress and arrears of rent were found by verdict, and in case of damage feasant the amount of the damages at common law 5 but still the judgments were for return. But on tender or payment of damages, satisfaction would be entered on the judgment, or the plaintiff might, after the goods returned, bring detinue on tender of damages. But where the goods have not been taken by way of distress, but the action is founded on the right of property, and have been delivered on the replevin to the plaintiff, and there is a verdict for the defendant, the verdict is generally for the defendant, and damages for the caption and detention on writ. Gilb. Rep. 160. 163. Where the defendant pleads property, and it is found for him, he shall have return ; because this finding destroys all right in the plaintiff; and if he have no right, he ought to have no benefit from his unjust complaint; and therefore the Court award restitution to the defendant, out of whose possession the goods were taken. Ibid. 168. In the appendix to this valuable treatise, 245, there is the form of proceeding, which affords the most satisfactory evidence of the law. On a judgment for the defendant on demurrer on a plea of property, the judgment is, that the plaintiff shall take nothing by his writ, and the defendant go without day, and that he shall have return of the goods irreplevisable, and damages for the unjust caption and detention.
The plea of property, entitles the defendant to return, equally with an avowry. The judgment for the plaintiff, where the goods are delivered to him on the replevin is, that he recover his damages for the taking, and unjustly detaining, &c. with full costs. The judgment for the defendant at the common law is pro retorno habendo. It varies in cases of avowry or making cognisance under the statutes Hen. VIII. or Car. II. 2 Chitty’s Plead. 161. 8 Went. Plead. 116. But even in these cases, the common law judgment pro retorno habendo still remains j for it is that judgment which enables the party to look to the pledges to the plaintiff. In the two cases of Hosack v. Weaver, and Hardy v. Metzgar which were replevins, where property remained with the defendants on claim of property put in to the sheriff, the value of the property, under the direction of the Court, was given in damages.
*133 That the judgment, where the goods are delivered to the plaintiff, and verdict for the defendant, is a judgment pro retorno habendo, is declared by the Court in Broom et al. v. Fox, 2 Yeates, 530. In the Supreme Court of Massachusetts, 5 Mass. 343, Powell v. Hinsdale, the same distinction prevails. If the plairitiff prevails he shall have damages for the unlawful caption and detention of the defendant, and his costs ; if the defendant, he shall have return of the goods, and damages for taking them on the writ.
I am, therefore, of opinion, that the charge of the Court instructing the jury, that if they found for the defendant, they ought to find a verdict in damages to the value of the property, was erroneous. But the- conflict in my mind was, what is the duty of the Court? To reverse generally, or to amend the judgment, and award the retorno habendo, rejecting the surplusage in the verdict, the value of the property, or to reverse the judgment and give such judgment as the Court below ought to have done, viz. a judgment of retorno habendo and for the four dollars damages, which I consider as intended by the jury, though given by the name of interest, as compensation for the taking and detention. In the view which -I have taken of this subject, and the judgment I have formed on much reflection, the charge of the Court could not be injurious to the plaintiff, nor be made any grievance to redress on writ of error, except as it respected the value. The verdict is of the whole issue, and more. This finding of the value may, therefore, be rejected as surplusage, and judgment as on a general finding for the defendant. Verdict of the whole issue and more. Surplusage rejected. That which is more is surplusage, and shall not stay the judgment, for utile per inutile non vitiatur. It is sufficient if the matter and substance be found. Co. Litt. 227. For though the finding is not in the words of the issue, yet if the point in issue can be concluded out of the finding, the Court shall work the verdict into form, and make it serve according to the justice of the case. Hob. 54. 2 Burr. 693. 10 Mass. 64.
A stronger case to this effect cannot be imagined, than that of Thompson v. Musser, 1 Dall. 458, decided in this Court in error from the Common Pleas of Lancaster. The action was detinue; the verdict for 114,268 weight of tobacco, due to *134 the plaintiff of the value of 2000/., and judgment generally; whereas the verdict and judgment ought to have been for the tobacco, and if that could not be had, for the value there* money. But the Court said, it was only to understand what the intention of the jury was, agreeably to which it might be put in form, and the merits having been tried, justice should be attained without being entangled in technical niceties. But when I consider this judgment as in connection with the charge of the Court, and not generally entered by the clerk, but in express conformity to the opinion of the Court, it is a judgment of the Court not pro retorno habendo, not for the four dollars damages, for the taking and detention on the writ, but a judgment in damages for the value of the property, from which the plaintiff could not be relieved by a delivery of the property in the plight he received it. It appears to me impossible to consider it as a general judgment or a general finding, but a verdict for 104 dollars, and judgment thereon for 104 dollars, on which execution might immediately issue. As this is a writ of error by the plaintiff, if the judgment is reversed, it became the duty of this Court to give such judgment as the Court below ought to have given ; and as the merits of the case have been decided, and it was the clear intention of the jury to be drawn from the finding itself, to find the property claimed by the defendant to be in him, then that issue, which was property, is to be considered as found in his favour, although not in words yet in substance, which the Court will work into form, and four dollars damages for taking and detention in the writ during the time he lost the use of the mare : and as this would be a complete finding, and the value of the mare is a totally distinct and separate finding, unconnected with any other part of the verdict, and which cannot vitiate the substantive finding of the jury, rejecting that as surplusage, it appears to me, that without deviating from any principle of law, and in conformity to reason, justice, and many precedents, this Court will be justified in so considering this verdict. The opinion of this Court, therefore, is, that judgment be reversed, and that judgment be entered on the verdict for the defendant, and that he have return irreplevisable and four dollars damages for the taking and detention of the mare, and the costs up to the time of the first judgment. *135 The effect is precisely the same as if the Court had amended the judgment, which could only have been dope on payment of the costs on the writ of error.
Judgment reversed, and judgment on the verdict for the defendant, and that he have return irreplevisable, and four dollars damages.