Judge Hitchcock
delivered the opinion of the court:
The decision of this case depends upon the solution of the question, whether the bailee of personal' property can, by sale to an innocent purchaser, transfer an absolute right, so that the vendee can hold the same as against the bailor. When the cause was first submitted to the court, we were under the impression that there could be no doubt upon the subject. It is not, however, without its difficulties. The Nearly cases seem to have gone upon the principle that such sale changes the property. In a note to 2 Saunders, 47, it is said, in speaking of the action of trespass, that if the bailee, or other person, who has only special property, sells .and delivers the goods to another, as his own bona fide, and without notice, the general owner can not maintain this, or any other action against the vendee, because by such sale by a person who has the special property in, and possession in fact of the goods, the property of the general owner is changed, For this dictum, the annotator cites Brooke’s Tres. 216, 295. Such seems in ancient times to have been the law, and it was founded upon this principle : That if one of two innocent persons must suffer, the one who has been the occasion of the .loss should sustain it, however innocent. If the bailor puts confidence in the bailee, and intrusts him with property, and the bailee abuses that confidence, and sells the property, the purchaser having no notice of the facts, it would seem to be but reasonable that he who has been the first cause of the fraud should suffer the consequences. Althongh such was the law in cases of sale by a bailee, it was otherwise where the vendor obtained possession feloniously. In such case, the purchaser .acquired no title, unless the sale was in market overt. In more modern times, however, this distinction seems to have been done away, and it is now holden that the bailee, no more than the felon, can confer a title unless the sale be in market overt. The principle, that if one of two innocent persons must suffer, the one who occasions the loss shall sustain it, is superseded, and the rule introduced that he who has not been the occasion of the loss shall alone sustain it, notwithstanding his innocence. And this is said to have been done from motives of public policy. • I do not readily *186 comprehend how it ever can be consistent with public policy, to adopt any principle which operates unjustly. Such, I take it, however, is now the law in England, and in that country there may be some color ol reason for it, inasmuch as there they have markets overt. In this country, however, markets overt, as they exist in England, are unknown. Kent Com. 262. But the same principle prevails as to the rights acquired by the vendee. And the maxim of the law in this as well as in that country is, that no *one can transfer a greater right or better title than he himself possesses. Kent Com. 262; 5 Serg. & Rawle, 130. It is not for us to inquire as to the equity of the maxim, as applicable to particular cases. There may be exceptions to the general rule, but the case before the court is not of that character. The judgment of the common pleaá^ must be affirmed.