## Commonwealth *against* Simonton.

Where the condition of a recognizance was, that the principal would " do and perform all the things required by law of him as guardian as aforesaid, and shall faithfully account with said minor, and pay over all such sums of money as may come to his hands *according to the direction of the court.*"    Held : on a *scire facias* against the *surety* on this recognizance, that he could not be charged with the money reported to be due by his principal to the ward, by *referees* chosen, without the knowledge or consent of the surety, by the principal and the guardian who succeeded him.

APPEAL from the circuit court of *Dauphin* county, held by Justice *Huston*.

*John W. Simonton*, the defendant's intestate, entered into a recognizance in the orphan's court of Dauphin county as the surety of *John M'Cord*, who was the guardian of *Peggy Rudy*, on the 11th of September 1820 ; the condition of which was, "that if the said *John M'Cord*, guardian of *Jonas* and *Peggy Rudy*, should do and perform all things required by law of him as guardian as aforesaid, and shall faithfully account with said minors, and pay over all such sums of money as may have come or shall come to his hands as guardian, *according to the direction of the court*, then, &c."    A *scire facias* issued on this recognizance against *Wallace*, the administrator of *Simonton* for the use of *Peggy Rudy*, to December term 1828, to which the defendant pleaded payment ; replication, *non solvit*, and issue. On the trial of the cause in the circuit court, the plaintiff gave in evidence the appointment of *John M'Cord* as guardian of *Peggy Rudy* ; the decree of the orphan's court directing him to give bail in 1200 dollars ; the foregoing recognizance on which suit was brought ; the dismissal of the said *John M'Cord*, and the appointment of *Robert M'Clure* ; a citation to the said *John* to settle his account ; the account filed by him in pursuance of the same, together with the exceptions to its confirmation.    The following agreement, report and judgment, with proof of their execution by the subscribing witnesses, were then offered.

"We agree to *William Rutherford, James Alrinks* and *James Montgomery* being arbitrators to settle and adjust the account of *John M'Cord*, late guardian of *Peggy Rudy*.    The said arbitrators to

[Commonwealth v. Simonton.]

meet at the house of *John Kelker* the 28th of March 1826, with power to adjourn. And the said *John M'Cord* agrees to the prothonotary of the court of common pleas of Dauphin county entering judgment against him for whatever the said arbitrators, or a majority of them may find due from him to the said *Robert M'Clure*, the present guardian of the said *Peggy Rudy*. Witness our hands and seals this 15th day of March 1826.

JOHN M'CORD.    [Seal].
ROBERT M'CLURE.    [Seal].

Witness present, *William M'Clure.*"

This agreement was indorsed :

" We, the arbitrators within named, having met agreeably to the within rule at the house of *John Kelker*, after being first sworn, and after hearing the parties, their proofs and allegations, do award for the plaintiff 492 dollars and 47 cents, with costs of suit. Witness our hands this 28th day of March 1826."

On which award the prothonotary made this entry : " *Robert M'Clure* guardian of *Peggy Rudy* v. *John M'Cord.* No. 132, April term 1826, amicable action. 30th March 1826, judgment for 492 dollars and 47 cents, with interest from the 28th March instant, and costs (see agreement filed)."

This evidence having been rejected by the court, the plaintiff suffered a nonsuit, and the jury was dismissed.

The plaintiff's counsel then moved to set aside the nonsuit for these reasons. 1st. The court erred in deciding that the plaintiff could not maintain his action, because the orphan's court had not decreed upon the guardianship account of *John M'Cord* before suit brought, whereas such decree was rendered unnecessary, and was revived, by the reference of the said account and the exceptions to it to men, and their report and judgment thereon before suit brought. 2d. That the court erred in deciding, that under the plea in this case the action was not maintainable ; whereas the defendant ought to have pleaded, that the decree of the orphan's court on the guardianship account of *John M'Cord* was not made when the suit was brought before pleading in chief to the action.

By the Court : As to the first objection made to the decision of the court, if the guardian had been sued and before the court, I do not decide : it might, as to him, be a waiver of his rights. But when his bail is sued for not paying money in his hands, and the suit is brought before the amount to be paid is ascertained, the case is as strong as those already decided.

The second point is twice decided by the supreme court. Motion overruled, and judgment ; from which the plaintiff appealed.

*Harris*, for the appellant.

In this case, *M'Cord*, the first guardian, had filed an account which he and *M'Clure*, who was last appointed, agreed to refer, and a settlement was made by the man chosen between them, who re-

[Commonwealth v. Simonton.]

ported the balance due by *M'Cord* to his ward. The filing of this account in the orphan's court, the reference of it by the consent of the parties, and the adjusting of the balance due by *M'Cord* by the referees, take this case out of the reason of the decisions in *Herr* v. *Bowman*, 1 *Penns. Rep.* 283, and *Denison* v. *Cornwell*, 17 *Serg. & Rawle* 374. Although a guardian has a right to settle his accounts in the orphan's court, yet he may waive that right and appoint a new tribunal. Besides, this is a *scire facias* on a recognizance, the provisions of which are like those of an administration bond ; and it has been held that suit may be brought on an administration bond before an account is settled. And where *assumpsit* was brought against an administrator with the will annexed, to recover a distributive share of the residuum of an estate under a will, the amount of which was not ascertained, the proof of an express *assumpsit* was not required. *Holloback* v. *Vanbuskink*, 4 *Dall.* 147 ; *Clark* v. *Herring*, 5 *Binn.* 40. Again, the objection which is here set up should have been pleaded in abatement, and cannot be taken advantage of under the plea of payment. *Wood* v. *Davidson*, 2 *Rawle* 52.

*Elder*, contra.

The rule of law ought to be in favour of a surety. By the condition of the recognizance in the orphan's court, *M'Cord* "was to pay over according to the direction of the court;" the reference, therefore, and judgment thereon in the court of common pleas, do not answer the recognizance, and cannot affect the surety, who was not a party to the agreement to refer ; nor does the *scire facias* call for him to answer to this *judgment* in the common pleas. A *scire facias* on a sheriff's recognizance must set forth the breaches. *Withrow* v. *The Commonwealth*, 10 *Serg. & Rawle* 231. Here they are not properly set forth ; nothing is said of the dismission of *John M'Cord*, nor of the appointment of *Robert M'Clure*, as guardian.

*M'Clure*, in reply.

The *scire facias* may be amended and new breaches assigned, and even a new declaration filed in lieu of the *scire facias*. The court are not trying a writ of error. The insufficiency of the breaches was not mentioned below ; but the court decided on the grounds which are stated in the exceptions.

PER CURIAM (ROGERS, J. dissenting.)—The *scire facias* itself is an imperfect, and, perhaps, fatally defective statement of the cause of action ; but our inquiry has been directed, by the point raised, exclusively to the merits of the case, as it appeared on the evidence. The defendant, being a surety, is not liable beyond the extent of his engagement ; in other words, he is not answerable for every thing that happens to be a moral duty of his principal. His engagement here, as appears from the condition of the recognizance set out in the writ, was, that the principal would "do and

[Commonwealth v. Simonton.]

perform all the things required by law of him, as guardian, as aforesaid, and shall faithfully account with the said minor, and pay over all such sums of money as may have come to his hands, *according to the direction of the court.*" What, then, was the evidence offered to charge him? It was, that certain arbitrators, chosen by the principal and his successor, had awarded, to be paid by the former, the sum claimed here from his surety. The attempt is to charge him with money ordered to be paid over by his principal, not by the court, according to the condition of the recognizance, but by arbitrators not chosen by the surety. Would that be according to the contract? A surety may well be supposed willing to become liable for what shall be adjudged against his principal by a court of record, without being willing that his principal shall have power to fix him with equal responsibility, by the fiat of arbitrators not chosen by the surety. It is very possible, as suggested, that the orphan's court would have made this award the ground of a decree for payment; but it is equally possible that it would not; and had gross mistake appeared on the part of the arbitrators, it is clear that it would have been bound to refuse its assistance to carry the award into effect. It said, however, that the condition consists of a variety of parts. It does so. But the breach assigned, is the omission to pay over; and though a refusal to do so may seem to be a breach of the condition, which requires him " to do and perform all things required by law," it is an assumption of the very question, to say the law requires him to pay under any other order than the one stipulated. It seems, therefore, the evidence was properly rejected.

Judgment affirmed.