Chief Justice Bayard delivered the opinion of the court:
 

 Bayard',
 
 Chief Justice.
 

 The plaintiff in error brought replevin against the defendant for ninety-eight and a half bushels of corn in the ear. The property was replevied by the sheriff and delivered to the plaintiff. The defendant pleaded property; and, on the trial, the jury found a verdict for the defendant, and assessed his damages at forty-five dollars and seventy-five cents, being the value of the corn. Upon this verdict a general judgment was entered; and the error assigned is, that the judgment should have been pro retorno habendo, and not for damages. As the practice in this State in actions of replevin differs in many respects from the English practice,.and is in part regulated by act of assembly, and in part by the English statutes and common law, it may be well to say a few words on the subject generally. The writ of replevin in our practice is not confined to cases of distress, and to the tortious taking of property, but is used wherever one man claims property in the possession of another and prefers proceeding in rem for the purpose of obtaining possession of the specific property, rather than compensation in damages for its loss. The sheriff, upon receiving the writ, is bound to take security from the plaintiff before he can execute it; what shall be the terms of the security must depend upon the cause' for which the writ was sued out. If the property was taken by distress for rent, then the security is regulated by act of assembly, and must be by bond conditioned to prosecute the suit with effect, and fully and without delay to satisfy any judgment which shall be given against him.
 
 (Dig.
 
 364.) In all other cases the security should be by bond conditioned to prosecute the suit with effect and to return the goods, if a return should be awarded under the statute of Westminster, 2d chap. 2, 13
 
 Echo.
 
 1, (1
 
 Saund. Rep.
 
 195,
 
 note
 
 3; 1
 
 Lord Ray.
 
 278,
 
 Blackett
 
 vs.
 
 Crissop.)
 

 If the defendant claims property in the goods, he is entitled to retain possession of them, upon giving bond to the sheriff, with sufficient sureties, conditioned for his appearance at the return of the-writ; and that lie shall fully satisfy any judgment which shall be
 
 *116
 
 given against him. The sheriff is bound to allow him a reasonable time to find such security. No writ of proprietate probando is issued; but the matter being returned by the sheriff, the suit proceeds in the court from which the writ issued. If the defendant, upon making claim of property, does not give the requisite security, the sheriff replevies the goods as if no such claim had been made; delivers them to the plaintiff and summons the defendant to appear at the return of the writ; and the suit proceeds.
 

 The declaration may be either in the
 
 detinet
 
 or
 
 the detinuit;
 
 that is, the plaintiff may allege, as the case may be, that the defendant still detains the property, in which case damages may be recovered for the
 
 value of the goods,
 
 as well as for the unlawful caption and detention; or he may allege that the defendant detained them until the replevin was made, when he can recover only damages for the unlawful caption and detention to the time of the replevin.
 
 (Fitz.
 
 N.
 
 B.
 
 159; 1
 
 Chit. Plead.
 
 159.)
 

 The judgment for the defendant depends on the pleadings and verdict. In case of an avowry for rent, the matter is regulated by act of assembly
 
 (Dig.
 
 304-5,) which provides, that “the jury upon the trial of the action, shall find the sum due for rent in arrear,” and “judgment shall be given for any sum so found or ascertained, as debt, with costs of suit, and like execution shall be had as on judgments for debt.” Cases not provided for by the act of assembly stand upon the common law. Under the plea of property, the defendant, if it be found for him, is entitled to judgment for the return of the property (pro retorno habendo) and damages for the taking upon the writ. (1
 
 Salk.
 
 93,
 
 Butcher
 
 vs.
 
 Porter, s. c., Vin.
 
 249; 5
 
 Mass Rep.
 
 343,
 
 Powell
 
 vs.
 
 Hinsdale;
 
 5
 
 Serg.
 
 &
 
 Rawle
 
 135,
 
 Easton
 
 vs.
 
 Worthin
 
 gton.) But that is not the only common law judgment, for it is expressly laid down by lord chief justice Hale in his commentary on Fitzherberts natura brevium, that “if defendant claims property, or says that he did not take, &c„ if in the meantime the beasts die or are sold,
 
 so that he cannot have a return,
 
 he may recover all in damages if it be found for him;” and cites
 
 Year Book
 
 7;
 
 h. 4, 18; Fitz.
 
 N.
 
 B.,
 
 159,
 
 note c.
 

 The property for which the writ was brought in this case is ninety-eight and a half bushels of corn, which is a perishable article, and which ipso usu consumitur; and, upon proof made at the trial that the corn had perished or been consumed, the jury might well give a verdict for damages, embracing the value of the corn, of which in such case
 
 the defendant could have no return,
 
 for that is the principle
 
 *117
 
 of the rule as laid down by lord Hale. As, therefore, the verdict in this case was given for the value of the corn, it must be intended that proof was made at the trial, that the corn had perished or been consumed, and then the verdict is well enough; and the judgment must follow the nature of the verdict, and cannot be pro retorno ha-bendo.
 

 Booth,
 
 for plaintiff.
 

 Rodney,
 
 for defendant.
 

 Judgment affirmed.