## Chaffee *against* Sangston.

Under the pleas of *non est factum* and payment to debt on bond given by a defendant in replevin on a claim of property, the defendant cannot object that part of the condition of the bond is illegal and void.

Such a defence, where the declaration sets out the condition, must be taken advantage of by demurrer, or by motion in arrest of judgment, or by writ of error.

It seems that the plea of payment is not applicable to such case, unless the defendant has actually paid the penalty of the bond.

A clause in the condition of a bond, given by a defendant in replevin who claims property, that he will return the goods, if a return be adjudged by law, is illegal; because the judgment in such case for the plaintiff, can *only* be for damages and costs.

Where there are several independent clauses in the condition of such bond, the illegality of one of them will not avoid the others.

In debt on bond, given by defendant in replevin, the omission to set out in the declaration the proceedings and judgment in the replevin, must be taken advantage of by demurrer. Such defects are cured by verdict, and cannot be assigned as error.

ERROR to the common pleas of *Fayette* county.

Harvey Chaffee, one of the plaintiffs in error, being the defendant in a writ of replevin sued out of the court of common pleas of Fayette county at the suit of Hamilton Stewart, and directed and delivered to John Sangston, then high sheriff of said county, in due form of law to be executed, claimed property in the goods mentioned in the writ, when the sheriff came to execute it; and that he might retain the possession of the goods under such claim, on the 18th September 1832, with the other plaintiffs in error as his sureties, executed a bond to the sheriff, in the sum of 14,225 dollars, "upon condition that if the said Harvey Chaffee should be and appear at the next county court of common pleas, to be held at Uniontown, in and for

x.—x*

said county, on the fourth Monday of October next, then and there to defend and make good his claim to the said goods and chattels, and should make return of the same goods and chattels, if a return thereof should be adjudged by law, and should also save and keep harmless, and indemnified, the said sheriff in the premises, then the said obligation to be void," &c. Upon this bond the present suit was instituted in the court below, by Sangston, the sheriff, for the use of Stewart, the plaintiff in the writ of replevin. The plaintiff in the court below, after setting out the bond and its condition in his declaration, without stating that the action of replevin had been terminated either for or against the plaintiff therein, for breach of the condition, alleges merely " that the said Harvey Chaffee did not make good his claim to the said goods and chattels, nor did he make a return thereof to the said Hamilton Stewart, or save and keep harmless and indemnified the said sheriff, *according to the form and effect of the said condition of the said writing obligatory,* whereby action hath accrued," &c. The defendants below put in the plea of *non est factum* and payment, upon which issue was taken, and the cause tried by a jury, who gave a verdict in favour of the plaintiff below, for the penalty mentioned in the bond, to be released on the payment of the costs of this suit, and the amount of the judgment, with interest thereon, and the costs in the action of replevin, No. 131, of October term 1832, whereon judgment was rendered by the court.

The errors assigned are, 1. That the bond is void, on account of that part of the condition which requires a return of the goods, if a return thereof should be adjudged by law, being illegal, as the sheriff had no authority in such case to require or take it.

2. That the breaches assigned in the declaration of the plaintiff below are too general.

*Dunlop*, for plaintiff in error, cited 5 *Serg. & Rawle* 130; 17 *Johns.*

*Biddle*, for defendant in error, cited 4 *Rawle* 290; 4 *Watts* 468; 2 *Chitty's Civil Plead.* 461; 7 *Watts* 471; 1 *Chitty's Civil Plead.* 718, 720.

The opinion of the court was delivered by

KENNEDY, J.—As to the question raised by the first error, it would seem to be inferrible, from the plea put in by the defendant's counsel below, that it was not made there at all, and has been laid hold of, for the first time, by the counsel employed to attend to the case here. For under the second plea, it is perfectly clear that no such question could arise; and, indeed, it may well be doubted, whether such plea be applicable to the cause of action, as set out in the declaration of the plaintiff below, or could be made so under any circumstances whatever, unless the defendants below intended

to show that they had actually paid the penalty of the bond, a fact not pretended. And under the first plea, which is the general issue, it is also equally clear, that the legality or illegality of the condition of the bond, which is purely a question of law, could not affect or have any bearing on the question of its execution, which was entirely a question of fact for the decision of the jury. If the counsel employed for the defendants in the court below had intended, therefore, to rely on the idea that the condition of the bond was illegal, and the latter on that account void, he ought, as the condition was set out by the plaintiff in his declaration, to have demurred, seeing that the illegality, if any, appeared upon the face of the condition; so that the court might have determined it as a question of law; Colton *v.* Goodridge, 2 *Bl. Rep.* 1108; *Bac. Abr.* tit. Obligation, F. 175-6. It is true, however, that this question, notwithstanding the pleas and trial thereon, might have been brought before the court below, upon a motion in arrest of judgment after the verdict was given; but this does not appear to have been done. It may therefore be inferred, that if the question presented itself to the mind of the counsel below, it was considered by him not advisable to stake the defence of his clients upon it, as he most probably conceived the position, that the bond was void—not to be tenable. If such were his opinion, it was correct.

The objection to the validity of the bond is, that the condition, among other things, provided for a " return of the goods, if a return thereof should be adjudged by law;" that this stipulation the sheriff, in executing the writ of replevin, had no authority to require of the defendant, upon the latter's claiming property in the goods, and retaining the possession of them by giving the bond; that it is, therefore, against the law, and renders the whole instrument void. It must be conceded, that the clause here objected to, ought to have been left out of the condition of the bond, if it were for no other reason than that it appears to be one which cannot possibly benefit the sheriff or the plaintiff in the replevin, nor yet prejudice the defendant therein or his sureties. The plaintiff in the replevin could derive no advantage from it, because he could not claim to have a return of the goods, according to the terms of the condition of the bond, unless a return thereof were *adjudged to him by law.* But this could not possibly be; because in a replevin, if the plaintiff declare that the defendant *yet hath* and *detaineth* the goods, as he must do wherever the defendant claims property, and retains the possession of them, by giving bond with surety to the sheriff, as was done in this case, and the plaintiff gains his suit, he shall have judgment to recover *all* in *damages,* as well the *value* of the goods as damages for the taking of them, and his costs; *Fitz.* N. B. 159–60; and also C. J. Hale's note, at the bottom of page 159, *c.* Easton *v.* Worthington, 5 *Serg. & Rawle* 131. Indeed, it seems to be the settled law, that the judgment in replevin, when rendered for the plaintiff, can *only* be for *damages* and costs; *Gilb. on Replev.* 160–1; but if for

the defendant, he shall have a return of the goods awarded in his favour; *Ibid.* 161–2. Hence it is perfectly obvious, that as the return of the goods, mentioned in the condition of the bond, was to be one which should be thereafter *adjudged by law*, and as no such return could possibly be adjudged *by law* in favour of the plaintiff against the defendant in the replevin, neither could be gainer or loser by it; so that it may be said to have been harmless and without effect. But viewing it as a condition against law, and void, still, unless it has some dependency upon the other clauses or conditions in the bond, or they upon it, the bond must be considered good, so as to insure a performance of the other conditions, to which no objection has been made; nor can I perceive any available objection that could have been made. In the whole there are three several conditions or clauses. The first is, that the defendant in the replevin shall make good his claim of property in the goods; the second, that he shall return them to the plaintiff, if a return thereof shall be adjudged by law; and the third, that he should save and keep harmless and indemnified the sheriff. These conditions or clauses appear to be absolute, distinct and independent of each other; and being so, the rule laid down in Pigot's case, 11 *Co.* 27, is, that if some of the conditions in a bond are against law, and some are good and lawful, those against law shall be deemed void *ab initio*, and the others shall stand good. And accordingly, says Sir Edward Coke, " it was unanimously agreed, in 14 *Hen.* 8, 25, 26, &c., that if some of the covenants of an indenture, or of the conditions endorsed upon a bond, are against law, and some good and lawful, in this case, the covenants or conditions which are against law are void *ab initio*, and the others stand good." So, upon another ground, the bond in question here may be considered good, notwithstanding the validity of the objection to the second condition or second clause in the condition of it. For it cannot be said that we have any statute on the subject, prescribing the manner and form in which such bond with its condition shall be taken; and if not so taken, declaring it void, as in the case of bonds taken by a sheriff under 23 *Hen.* 6, c. 9. In this latter case the bond, when of a tenor contrary to the statute, is thereby expressly pronounced void; thus imposing a sentence that is arbitrary, and which cannot possibly be evaded; but the common law divides and separates the bad from the good, according to common reason, and having made that void which is against law, lets the rest stand; *Hob.* 14; *Moor.* 856, *pl.* 1174; *Godb.* 213, 100; *Latch.* 143; *Mod.* 35; 2 *Brownl.* 282; *Ventr.* 237; *Carter* 230; 2 *Wils.* 351. Agreeably, then, to these principles of the common law, which may be considered applicable to the bond in question, seeing we have no statute prescribing a form for it, and making it void, if the form prescribed be not observed and adhered to, it would seem to be good.

Now as to the second error, it may be that upon demurrer the declaration of the plaintiff below would have been held bad, because he did not set out therein the proceedings and judgment had in

[Chaffee v. Sangston.]

the replevin suit, showing that it was ended in favour of the plaintiff therein. This certainly ought to have been done; and it is much to be regretted that there is such a want of attention to the established rules of pleading on the part of some of the profession, as to induce a belief that these rules are in a great degree unknown; for it is only by giving close attention to such matters, that an accurate knowledge of the law can be acquired. But, instead of making any objection to the sufficiency of the plaintiff's declaration, the defendant below pleaded in bar to the action, and took the chance of a verdict of the jury, which was found against him. The general rule established by all the cases on this subject, seems to be that *after verdict* if the issue joined be such as necessarily to require on the trial proof of the facts defectively or imperfectly stated, or *omitted,* and without which it is not to be presumed that the judge would direct the jury to give, or the jury would have given the verdict, such defect, imperfection or *omission,* is cured by the *verdict* at *common law;* 1 *Chitty's Civil Plead.* 401, (by Day, N. Y. 1812;) 1 *Saund.* 228, *a, per* Sergeant Williams in notis. In short, as Lord Eldon says, in De Costa *v.* Clarke, 2 *Bos. & Pul.* 259–60, the court will infer almost any thing after verdict. For instance, in an action for a malicious prosecution, it is necessary to allege in the declaration that the prosecution is at an end; 2 *Rich.* 3, 9; Waterer *v.* Freeman, *Hob.* 267; Parker *v.* Langley, 10 *Mod.* 209–10; Blagrave *v.* Oden, 2 *Vin. Abr.* 35; Fisher *v.* Bristow 215; Morgan *v.* Hughes, 2 *Term Rep.* 225. But the want of this averment is cured after verdict; Skinner *v.* Gunton, 1 *Saund.* 228; Wine *v.* Ware, 1 *Sid.* 15. The want of an allegation, in an action for a malicious prosecution, that the prosecution is at an end, is quite as important and material as the omission complained of in this case; such allegation ought to be made in the *narr.* and proved on the trial of the cause, otherwise the plaintiff, after recovering therein, might be convicted on the original prosecution: Fisher *v.* Bristow, *Doug.* 275. So in the present case, the plaintiff below, no doubt, ought to have alleged in his declaration, and to have proved too on the trial of the cause, (and we must now presume that he did this latter,) that the writ of replevin had been proceeded in to final judgment, by which he recovered damages from the defendant, as well for the value of the goods as for the taking of them, &c., which remained unpaid: thus showing that the defendant had failed, as he undertook by his bond, to make good his claim of property in the goods. This was all requisite, otherwise the plaintiff below might recover upon the bond, when the defendant in the replevin had succeeded therein; or if he had not, and it were still pending, might thereafter do so, by obtaining a judgment in his favour, upon establishing his right of property in the goods. It is impossible, however, to believe, or even to suppose, that the plaintiff below could have obtained the verdict in his favour, which it appears he did, without proving by the record of the replevin his recovery therein, and the defendant's failure to make good his claim

of property.    Indeed, there is an express reference in the verdict of
the jury, to the judgment rendered in the replevin, which shows
conclusively that it was put before them on the trial.

Judgment affirmed.