## Eldred *versus* Bennett.

In an action of debt on a property-bond, given by a defendant in replevin, the plaintiff must aver and prove the recovery of a judgment in the replevin suit.

An award, embracing among others, the matters in controversy, in the action of replevin, on which no judgment has been entered, is not sufficient to fix the security in the property-bond.

An amicable submission in an action of replevin, not under a rule of court, and on which no judgment is or can be had, entered into without the assent of the bail, does not, in case of an award against his principal, fix him, as bail, for the amount so recovered.

ERROR to the Common Pleas of *Susquehanna county*.

This was an action of debt by G. B. Eldred, to the use of Coe Wells, against John Bennett, on a bond given by Jeremiah Vosburg, as principal, and the defendant, as surety, to the said G. B. Eldred, as the sheriff of Susquehanna county, on a claim of property, by the said Jeremiah Vosburg, to eight firkins of butter, for which Coe Wells had sued out a writ of replevin against him.

On the trial, the plaintiff offered in evidence the following submission and award:—

"The difficulties between Jeremiah Vosburg and Coe Wells of every kind, civil and criminal, to be submitted to the final arbitrament of B. S. Bentley, R. B. Little, and Wm. J. Turrell, whose award in relation to all suits, claims, demands, and controversies, and all costs and damages, to be final and conclusive between the parties. The arbitrators to meet at the house of Z. Chamberlin, in Gibson, on the second day of March, A. D. 1854, with power to adjourn from day to day. This submission to be irrevocable by either party, the consideration being the non-trial by the jury, at the January Term 1854, of the riot prosecutions. A majority of said arbitrators may make an award. Witness our hands and seals.

　　　　　　　　　　　　　"JEREMIAH VOSBURG, [L. S.]
　　　　　　　　　　　　　"COE WELLS,　　　　[L. S.]
"In presence of—WM. H. JESSUP,
　　　　　"A. CHAMBERLIN."

"The undersigned, referees in the foregoing submission named, having met at the time and place therein appointed, and having been first duly affirmed according to law, and having heard the parties therein—proofs and allegations—do make the following award:—

[Eldred *v.* Bennett.]

" 1st. All criminal prosecutions and causes therefore now depending or existing between the said parties or at their instance, to be hereby settled and ended, and each party to pay his own costs therein.

" 2d. In the replevin suit brought by Wells *v.* Vosburg, in Susquehanna Common Pleas, as No. 113 of January Term 1854; also in the replevin suit brought by Wells *v.* Vosburg, in the Common Pleas of Luzerne county, as No. — of —— Term—; judgment in each case to be entered for Wells, the plaintiff, for the property claimed, without costs.

" 3d. In the replevin suit brought by Wells *v.* Vosburg, in Susquehanna Common Pleas, as No. 107 of November Term 1853, judgment to be entered for Wells the plaintiff, against Vosburg the defendant therein, for seventy-five dollars damages, with costs of suit. All other civil suits between the parties to be hereby settled and ended, each party to pay his own costs.

" 5th. The hay (on farm of Wells leased to Vosburg) at the date of this trial before us, to be left upon the place by Vosburg, and all the stock, tools, farming utensils, &c., to be returned by Vosburg, according to the terms of the lease, and possession of the premises surrendered at the term in said lease stipulated.

" 6th. Each party to pay his own costs of this reference, excepting the fees of the referees, of which each is to pay one half part.

" 7th. If there be any item of ' variance, controversy, or suit' existing between the said parties not herein specifically mentioned and properly included in that submission, then the same is deemed to be settled and ended hereby, each one to pay his own costs, if any there be.

" Witness our hands, this fifteenth day of November, A. D. 1854.

" Wm. J. Turrell,

" R. B. Little,

" B. S. Bentley."

No judgment had been entered on this award.

The defendant objected to this offer; and the court ruled out the evidence, and sealed a bill of exceptions. And a verdict and judgment having been rendered for the defendant, the plaintiff removed the cause to this court, and here assigned the same for error.

*Little* and *Post*, for the plaintiff in error, cited Buel *v.* Davenport, 1 *Root* 261; Webster *v.* Price, *Id.* 56; Buckman *v.* Davis, 4 *Casey* 214; Merrick's Estate, 5 *W. & S.* 9; 5 *Taunt.* 76; 2 *Tr. & H. Pr.* 350; Gibbs *v.* Bartlett, 2 *W. & S.* 33; Hallet *v.* Mountstephen, 2 *Dow. & R.* 343; *Morris on Replevin* 199, 200.

[Eldred v. Bennett.]

*Bentley* and *Jessups*, for the defendant in error, cited Chaffee *v.* Sangston, 10 *Watts* 269; Archer *v.* Hale, 4 *Bing.* 464.

THOMPSON, J.—It might be enough to say, in this case, that it appeared on the trial that no judgment had been recovered by the plaintiff in the action of replevin. This was a necessary averment to be made in the plaintiff's *narr.*; Chaffee *v.* Sangston, 10 *Watts* 269; and as necessary to be proved. We may presume that it was made. The *narr.* is not on our paper-books. There was no claim below, that for want of sufficient pleas, the *narr.*, in this particular, was confessed, or that by reason of such insufficiency, the award offered as a judgment was superior to objection. The pleas were doubtless thought to be sufficient; and perhaps they were so, for there was neither objection nor demurrer to them, and their sufficiency is not before us. The plaintiff, to support his allegation of a judgment in his favour in the replevin, offered an amicable submission of all " difficulties" between himself and the defendant in replevin, " of every kind, civil and criminal," to three arbitrators, " whose award, in relation to all suits, claims, demands, and controversies, and all costs and damages, to be final and conclusive between the parties."

Under this submission, in one general award, the referees determined several prosecutions—two replevin suits in Luzerne county—this replevin case in Susquehanna county—the contested rights of the parties to certain hay, tools, and stock, not in suit, but arising on a lease of land by the plaintiff to the defendant, and finally awarded that each party should pay half the costs in all the matters in litigation, including the reference. The court below refused to enter judgment on this omnibus award, in which $75 was found for the plaintiff in the replevin. Notwithstanding this, the plaintiff claims for it the effect of a judgment in the case. We think it was not so—at least so far as the surety was concerned. He was to " abide the judgment of the court," not the result of an award under a submission, to which he was no party, and upon which the court had refused to enter judgment. It is not intended to deny that an award under the compulsory arbitration law, unappealed from, or under the Act of 1836, upon which judgment has been entered by the court, are not judgments of the court, and binding on the surety in the replevin bond. But here there was no judgment in law or in fact. And whether the court below were right or wrong in refusing judgment, is not a question now before us. We think that an amicable submission of an action of replevin, not under a rule of court, and on which no judgment is or can be had, entered into without the assent of the bail, does not, in case of an award against his principal, fix him as bail for the amount so recovered. A judgment by some of the modes provided by law for allowing it, must exist. I find

[Eldred *v.* Bennett.]

no case directly on this point in Pennsylvania. The question has been decided, after the fullest consideration, in England, in the Common Pleas and in the Court of Exchequer: see Archer *v.* Hale, 15 *Eng. Com. Law Rep.* 62, in which it was held, that where "the plaintiff and defendant, in a replevin suit, referred the cause to an arbitration, and agreed, without the privity of the sureties, that the replevin bond should stand as a security for the performance of the award, the sureties were discharged." This view of the law seems to accord well with sound sense, as applicable to the undertaking of the surety on the bond. Here, however, there was no judgment, and we do not know whether the *narr.* set forth the finding as simply an award or not, or as a judgment, which it was not. We perceive no error in the record, and the judgment is affirmed.

Judgment affirmed.